## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **RAY NEVELS,** ) | **CASE NO.  1:05 CV 1781** |
| ) | **1:03 CR 308** |
| **Petitioner,** ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| **vs.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **Respondent.** ) | |

Before the Court is the *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Plaintiff Ray Nevels (" Motion") **(ECF No. 1)**.  The Government filed a response in opposition to the Motion.  *ECF No. 4*.  For the reasons to follow, the Motion is **DENIED**.

**I.**

On July 30, 2003, a federal grand jury returned an 89-count Indictment charging Petitioner Ray Nevels with conspiracy to possess with the intent to distribute and to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count 1).  *Case No. 1:03 CR 308; ECF No. 1* ("Indictment"), at 2, 24.  Counts 63, 64, 69, 71, 82 and 86-88 of the Indictment also charged Nevels with using a communication facility to facilitate acts constituting a

felony under 21 U.S.C. § 846, in violation of 21 U.S.C. § 843(b). *Id*. at 26-33. On April 8, 2004, pursuant to a written Plea Agreement with the Government, Nevels pleaded guilty to Count 1 of the Indictment. *ECF No. 154; ECF No. 155* ("Plea Agreement"). On July 1, 2004, the Court sentenced Nevels to 51 months imprisonment, three years of supervised release and a $100 assessment fee.

Under the terms of the Plea Agreement, Nevels stipulated that "the type and amount of drugs independently known by the Government to be a part of the defendant's personal and jointly undertaken criminal activity in furtherance of the conspiracy is at least 3½ kilograms but less than 5 kilograms of cocaine . . ." placing him at a base offense level of 30. *Plea Agreement* ¶ 7. He and the Government further agreed that "no other specific offense characteristics or cross reference under the United States Sentencing Guidelines [would apply] other than what was reflected [in the Plea Agreement]." *Id*. The Plea Agreement also stated that Nevels might be entitled to a three-level departure for acceptance of responsibility under U.S.S.G. § 3E1.1, *id.* ¶ 8, and if Nevels met the criteria set forth in U.S.S.G. § 5C1.2, he would be eligible for a two-level safety valve reduction pursuant to U.S.S.G. § 2D.1(b)(6), *id.* ¶ 11. Nevels agreed not to seek a downward departure from the applicable Guidelines range. *Plea Agreement* ¶ 11. In exchange for Nevels's guilty plea to Count 1 of the Indictment, the Government agreed to dismiss Counts 63, 64, 69, 71, 82, and 86-88 at sentencing. *Id. ¶* 12.

Under the Plea Agreement, Nevels also agreed to waive his right to appeal or collaterally attack his conviction or sentence, but reserved the right to appeal the imposition of any sentence inconsistent with the terms of the Plea Agreement. *Plea Agreement* ¶ 13. He also reserved the right to assert claims of ineffective assistance of counsel or Government misconduct. *Id*.

The Court reviewed the Plea Agreement with Nevels at the change of plea hearing held on April 8, 2004. The Court explained the terms and provisions of the Plea Agreement to Nevels to ensure that he understood and entered into the agreement knowingly and voluntarily. *Change of Plea* ("COP") *Hr'g Tr.* at 6-21. Nevels confirmed his understanding and acceptance of the terms of the Plea Agreement. *Id.* He acknowledged that he had discussed his Plea Agreement with his lawyer and had the opportunity to ask him any questions about that agreement. *Id*, at 9. He also indicated that he was satisfied with his lawyer's representation of him. *Id*.

Consistent with the Plea Agreement, the Court, at the sentencing hearing held on July 1, 2004, granted Nevels a two-level reduction under the safety valve provision and a three-level reduction for acceptance of responsibility and a timely guilty plea. The Court also granted the Government's motion for a one-level reduction under U.S.S.G § 5K1.1 for substantial assistance, placing Nevels at an adjusted offense level of 24. *Sentencing Hr'g Tr.,* at 3-5. Having determined that Nevels was in Criminal History Category I, the Court sentenced Nevels to 51 months' imprisonment, the low end of the advisory Guidelines range. *See Case No. 1:03 CR 308; ECF Nos. 217* ("Minutes of Sentencing Proceeding")*, 218* ("Judgment and Commitment").

Nevels did not appeal his conviction or sentence. However, on July 14, 2005, Nevels filed the instant § 2255 Motion, claiming that he was denied the effective assistance of counsel for two reasons. First, counsel did not seek a downward departure on the grounds that Nevels was a minor participant in the conspiracy.[1] *Motion*, at 4. Second, counsel failed to inform him of *United States v.*

---

[1] The correct terminology would be a role-in-the-offense reduction.

3

*Booker*, 125 S. Ct. 738 (2005), and failed to request a continuance so that he could be sentenced post-*Booker*. *Id*.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id*. To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

## III.

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694). A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). As to the second

4

"prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quoting *Strickland*, 466 U.S. at 694).

**A.**

In his first ground for relief, Nevels claims that he was denied the effective assistance of counsel because his attorney did not seek a role-in-the-offense reduction based on his minimal role in the conspiracy. *Motion*, at 4. However, the parties stipulated in the Plea Agreement that no specific offense characteristics or cross reference under the Sentencing Guidelines applied other than what was reflected in the agreement. *Plea Agreement ¶* 7. The Plea Agreement does not mention anything about a role-in-the-offense reduction. Nevels does not allege, and there is no indication in the record, that he asked his attorney to request a downward adjustment on the grounds that he was a minor participant in the conspiracy. Furthermore, Nevels was not sentenced inconsistently with the Plea Agreement and he received the lowest sentence possible within the applicable Guidelines range. *Plea Agreement ¶* 6; *Minutes of Sentencing Proceeding*, at 1, *Judgment and Commitment,* at 2.

Even if Nevels asked counsel to seek an offense level reduction on this basis, Nevels fails to present any evidence demonstrating that he would have received the reduction. Indeed, in the factual basis of the Plea Agreement, Nevels stipulated that he obtained large amounts of cocaine from Douglas Harris for redistribution to Nevels' customers. *Plea Agreement ¶* 20. His stipulations in the Plea Agreement demonstrate that he was neither "less culpable than most other participants . . . [nor] substantially less culpable than the average participant." *United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir. 1993) (quoting U.S.S.G. § 3B1.2 comment., applic. note 3 & background), *cert. denied*, 511

5

U.S. 1043 (1994).  As such, Nevels has failed to show both deficient performance by counsel and resulting prejudice.  *Strickland*, 466 U.S. at 694.

In order for a plea agreement to be valid, the defendant must have entered into the agreement knowingly and voluntarily.  *United Stated v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001).  Before accepting a guilty plea, the district court must inform the defendant of, and determine that he understands, the terms and provisions of the agreement.  FED. R. CRIM. P. 11(b); *United States v. Goldberg*, 862 F.2d 101, 106 (6 Cir. 1988); *McCarthy v. United States*, 394 U.S. 459, 472 (setting aside a guilty plea when the district court failed to adhere to the requirements of Rule 11).  The record clearly indicates that the Court discussed the Plea Agreement with Nevels and confirmed his understanding of the terms.  *COP Hr'g Tr.* at 9.  Nevels further assured the Court that he entered into the Plea Agreement knowingly and voluntarily.  *Id*.

**B.**

Second, Nevels argues that counsel was ineffective because he did not advise Nevels about *Booker* or inform him that the Guidelines were in "jeopardy," and his counsel failed to request a continuance so that he could be sentenced post-*Booker*.  *Motion,* at 4.  Counsel cannot be blamed for failing to foresee the June 24, 2004 decision in *Blakely v. Washington*, 542 U.S. 296 (2004)*,* let alone the January 12, 2005 decision in *United States v. Booker*, 125 S. Ct. 738 (2005)*,* at the time of Nevels's guilty plea on April 8, 2004.  He cannot be faulted for failing to predict that the U.S. Supreme Court would make the Sentencing Guidelines advisory.  *See, e.g., United States v. Koch*, 383 F.3d 436 (6th Cir. Aug. 26, 2004) (holding that *Blakely* did not compel the conclusion that the Federal Sentencing Guidelines violate the Sixth Amendment).

6

> The Sixth Circuit has explained that:
>
> where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature. A valid plea agreement, after all, requires knowledge of existing rights, not clairvoyance. "[A]bsent misrepresentation or other impermissible conduct by state agents, ... a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742 . . . (1970).

*United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). The Court also notes that, although Nevels is not asking to be re-sentenced under *Booker*, the decision in *Booker* does not apply retroactively to cases on collateral review. *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005).

Even if the Supreme Court had granted certiorari in *Booker* before Nevels' sentencing, counsel had no basis to request a continuance of the sentencing hearing until after the Supreme Court decided *Booker*. Such a request would have directly conflicted with Nevels' agreement to be sentenced under the then-mandatory Guidelines. *Plea Agreement* ¶ 6. As the Sixth Circuit has explained, a *pre-Booker* defendant's "willingness to be sentenced under the Guidelines and generally to waive his right to appeal binds him no less now than it did when he signed the agreement." *Bradley*, 400 F.3d at 466. Furthermore, as previously discussed, Nevels received the lowest sentence possible within the applicable Guidelines range and was sentenced consistently with the Plea Agreement.

## IV.

In short, Nevels has failed to show that counsel's performance fell below an objective standard of reasonableness, or that, but for counsel's deficient performance, the outcome of the

7

proceedings would have been different. *Strickland*, 466 U.S. at 694. Accordingly, Ray Nevels's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 1)** is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster  8/25/2005*
**Dan Aaron Polster**
**United States District Judge**