**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:05 CV 1781** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF OPINION**</u> |
| | ) | <u>**AND ORDER**</u> |
| **RAY NEVELS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court are the Motion for Reconsideration/Motion to Re-Open Case ("Motion for Reconsideration") and Motion for Compensation of Lost Time Due to Writ Habeas Corpus Ad Testificandum **(ECF Nos. 8, 10)** filed by *pro se* Defendant Ray Nevels ("Petitioner").

**I.**

In July 2004, Petitioner was convicted, pursuant to a guilty plea under a written plea agreement, of one count of conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, and sentenced to 51 months' imprisonment. *Case No. 1:03 CR 308; ECF No. 155,* ("Plea Agreement"), *218,* ("Judgment and Commitment").  In July 2005, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (§ 2255 Petition). *Case No. 1:03 CR 308; ECF No. 431; Case No. 1:05 CV 1781, ECF No. 1.*

The Court denied the petition on the merits.  *Case No. 1:05 CV 1781, ECF No. 5.*  Petitioner did not appeal this ruling to the Sixth Circuit.

On December 7, 2005, Petitioner filed a motion requesting the Court to reconsider its denial of his § 2255 Petition and to re-open his civil case.  In his motion for reconsideration, Petitioner alleges that he was not notified that the government filed an opposition to his July 2005 habeas petition, was denied the opportunity to respond to the government's opposition brief, was unaware that this Court denied his petition or terminated his case pursuant to Fed. R. Civ. P. 58, and was deprived of due process and the opportunity to be heard on his claims because he was not informed of the proceedings relating to his petition.  *Motion for Reconsideration, Exh. 1* ("Affidavit"), at 1-2.  Petitioner states that he had additional grounds to raise in support of his July 2005 petition, and expresses a desire to address those claims in support of his July petition.  *Affidavit*, at 2.  He does not allege, however, that any of these asserted deficiencies caused him any prejudice.

In January 2005, Petitioner submitted a supplemental brief in which he claims that his plea agreement was not entered into knowingly, intelligently or voluntarily, and contained false information relating to the drug quantity for which he was held responsible.  *ECF No. 9,* ("Addendum 2255"), at 1-2.  He listed several additional complaints relating to his plea agreement, including a claim of ineffective assistance of counsel, and raised several allegations of prosecutorial misconduct.  *Id*. at 2, 5-6.  He also filed an "affidavit" in which he repeated these allegations, raised additional errors relating to the trial of an unidentified case in which he provided testimony, and complained that a co-defendant who he claims is responsible for distributing at least 10 kilograms of cocaine received a shorter sentence.  *ECF No. 9, Exh. 1,*

*Affidavit in Support.*  At the same time, Petitioner filed a motion requesting compensation for lost time in prison.  *ECF No. 10.*  Specifically, he argues that he was wrongfully confined in a maximum prison facility and as a result, "lost 12 hours per day, everyday since August 4, 2005." *Id.* at 2.  In this motion, he also complains of exposure to "a rampant amount of staff infection" at the prison.  *Id.* at 3.

## II.

Petitioner's motion for reconsideration constitutes a second or successive habeas petition because it seeks to add new substantive grounds for relief and also "attacks . . . the substance of the federal court's resolution of a claim on the merits."  *Gonzalez v. Crosby,* 125 S. Ct. 2641, 2648 (2005).  Petitioner essentially requests "a second chance to have the merits determined favorably."  *Id.* at 2648 n.5.  In fact, Petitioner does not even attempt to guise his motion for reconsideration as a Rule 60(b) motion.  Because the motion for reconsideration is in substance a successive habeas petition, Petitioner must obtain approval from the Sixth Circuit before he can file the  motion with this Court.[1]  *See* 28 U.S.C. § 2244(b)(3)(a); *In re Sapp v. Patton,* 118 F.3d 460, 464 (6th Cir. 1997).

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  *Leavis v. White,* No. 89-5791,

---

[1]Although *Gonzalez* limited its holding to § 2254 petitions, *id.* at 2646 n.3, courts have applied *Gonzalez* in § 2255 proceedings.  *See United States v. Terrell,* No. 02-14997, 141 Fed.Appx. 849, 851 (11th Cir. July 19, 2005) (finding that *Gonzalez* applies equally to § 2255 petitions); *Lipsey v. United States,* No. 2:97-CV-602, 2:92-CR-119(7), 2005 WL 1892705, at *2 n.7 (S.D. Ohio Aug. 8, 2005) (applying *Gonzalez* in § 2255 proceeding).

1990 WL 27157, at *1 (6th Cir. Mar. 14, 1990) (federal prisoners complaining of conditions of confinement must exhaust administrative remedies before habeas relief may be granted). A prisoner must file a grievance against the person he ultimately seeks to sue.  *Walton v. Bouchard,* No. 03-2458, 2005 WL 1432490, at *2 (6th Cir. June 17, 2005).  The Bureau of Prisons has established procedures allowing a federal prisoner to seek review of an issue relating to any aspect of his confinement.  *See* 28 C.F.R. § 542.10.  *Otero v. Dove,* No. 93-6633, 1994 WL 175771, at *1 (6th Cir. May 9, 1994).  There is no indication that Nevels has made any attempt to exhaust his administrative remedies.  Accordingly, Petitioner's Motion for Compensation of Lost Time Due to Writ Habeas Corpus Ad Testificandum is dismissed for lack of exhaustion.

### III.

For the foregoing reasons, the Court hereby directs the Clerk of Court to **TRANSFER** Petitioners Motion for Reconsideration **(ECF No. 8)** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.  The Motion for Compensation **(ECF No. 10)** is **DISMISSED** without prejudice to Petitioner's right to re-file his suit upon exhaustion of all available administrative remedies.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   1/27/2006*
**Dan Aaron Polster**
**United States District Judge**

-4-